UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SCOTT BLEVINS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 2:17-cv-170

Honorable Robert J. Jonker

## **OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, Bill Schuette, Catherine Bauman, and Heidi E. Washington. The Court will serve the complaint against Defendants Joseph Naeyaert, K. Mattson, Unknown Kurth, and Unknown Cobb.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues the Michigan Department of Corrections, Resident Unit Manager Joseph Naeyaert, Unknown Parties #1 named as "Health Care Nurses and P.A.," Housing Unit Officer K. Mattson, Unit Officer Unknown Kurth, Cedar Unit Officer Unknown Cobb, Michigan State Attorney General Bill Schuette, Warden Catherine Bauman, and MDOC Director Heidi E. Washington.

Plaintiff claims that on November 9, 2016, he told Defendant Mattson that he could not lock in the unit any longer because he was being forced to prostitute himself for gang members. Defendant Mattson was only concerned with whether Plaintiff was going to return to his cell. Plaintiff was forced to go to segregation for disobeying a direct order on two occasions in order to get away from the assaults.

Plaintiff alleges that on August 31, 2017, he was told by his prospective cell mate, inmate Flores, that Plaintiff could not lock with him because Plaintiff was transgender. Plaintiff then told Defendant Naeyaert that he could not lock in his assigned cell because he was not wanted and would be assaulted. Defendant Naeyaert asked Plaintiff if he was alright. Defendant Naeyaert then told Plaintiff to go back to his cell and that Flores would not hurt him. Plaintiff complied. On September 1, 2017, after being told several times by Flores to move, Plaintiff told Officer Brennan that he needed to move to avoid being assaulted. Officer Brennan told Plaintiff to be patient because the only open room was just as bad. Later that night, while Plaintiff was on the

2

small yard, a few of Flores' "Latin King brothers" told Plaintiff if he did not get out of the room, they would "fuck [him] up." Plaintiff reported the incident to Officer Leffler and asked to go to suicide watch. Plaintiff was taken to the dayroom and was subsequently placed in a suicide watch cell.

After four days, Plaintiff spoke to psychologist Wood and explained the situation. Wood told Plaintiff that he was going to release him back to the unit and attempt to get him into another room. Once in the unit, Plaintiff asked Defendants Mattson and Cobb what room he had been assigned. When Plaintiff was told the room number, he protested that he could not go there because he would be assaulted or killed. Defendant Mattson told Plaintiff to turn around and cuff up. Plaintiff was then escorted to the showers and locked in. Defendant Cobb stated, "Why don't you quit being such a pussy, fag, bitch and fight?" Plaintiff just shook his head. When prison counselor Salo came to the unit, he asked Plaintiff what was wrong. Plaintiff explained that he was trying to avoid being assaulted or killed. Salo said, "I don't know what you're talking about," and walked away. Plaintiff was eventually taken to suicide watch by Defendant Kurth and Sergeant Nesberg.

While on suicide watch from September 2, 2017, to September 5, 2017, Plaintiff was denied his thyroid medication. Plaintiff wrote to Defendants Washington, Bauman, and Schuette to complain, to no avail. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Schuette, Bauman, and Washington, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Schuette, Bauman, and Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Bill Schuette, Catherine Bauman, and Heidi E. Washington will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Joseph Naeyaert, K. Mattson, Unknown Kurth, and Unknown Cobb.[1]

An Order consistent with this Opinion will be entered.

Dated:     June 12, 2018                  /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court lacks sufficient information at this time to effect service upon Unknown Parties #1 named as "Health Care Nurses and P.A." Therefore, the court will not order the prison to provide copies for service on Unknown Parties #1. If Plaintiff discovers the names of these individuals, he should file a motion to amend his complaint to include the names.