UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT BLEVINS #243981,                          Case No.   2:17-cv-00170

         Plaintiff,                               Hon. Robert J. Jonker
                                                      U.S. District Judge

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

         Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Scott Blevins pursuant to 42 U.S.C. § 1983.   Plaintiff is currently housed at the Oaks Correctional Facility.   The events about which he complains occurred while he was housed at the Alger Correctional Facility (LMF).   The remaining Defendants Joseph Naeyaert, K. Mattson, Unknown Kurth, and Unknown Cobb filed a motion to dismiss this case based upon repetitiveness with *Blevins v. Naeyaert*, No. 2:17-cv-185. (ECF No. 13.) Plaintiff has not filed a response.   This Court recommends that the actions in Case Nos. 2:17-cv-00170 and 2:17-cv-00185 be consolidated.

### Plaintiff's Allegations

Plaintiff asserts nearly identical allegations in case no. 2:17-cv-185.   Plaintiff alleges that he is transgender and has been forced to prostitute himself for gang members at LMF.   Plaintiff alleges that in August of 2017, he was told by his prospective cell mate, inmate Flores, not to lock with him because Flores did not want to share a cell with a transgender inmate.   Inmate Flores threatened Plaintiff with

assault. While Plaintiff was in the "small yard" he was threatened with harm by Latin King Brother members who told him to move out of inmate Flores' cell.   Plaintiff asserts that Defendants Naeyaert, Mattson, Kurth, and Cobb failed to protect him from threats of harm and ridiculed him.

Defendants placed Plaintiff on suicide watch and moved him out of his cell. According to Plaintiff, Defendants failed to believe that Plaintiff was under a serious threat of harm. Plaintiff was told that he would be released back to a different cell. Defendants told Plaintiff to return to his cell.   Plaintiff refused to house with inmate Flores due to threats of harm and being forced to prostitute himself.   Plaintiff asserts that Defendants failed to intervene in violation of his Eighth Amendment rights.

## Legal Standard

A court has the inherent authority to dismiss a plaintiff's subsequent repetitious cause of action as frivolous in order to maintain the Court docket and to promote judicial order.   *Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937 (W.D. Mich. July 13, 2011). This Court explained:

> Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the

vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g. McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Given the similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the complaint in *Cummings v. Ventocilla*, Case No. 1:11-cv-365, the present complaint must be considered duplicative. The complaint therefore is frivolous.

*Id*. at *1-2.

## Discussion

### I.  *Blevins v. Michigan Department of Corrections*, No. 2:17-cv-170

Plaintiff filed his complaint in this case on October 5, 2017.  On March 13, 2017, the Court ordered Plaintiff to file an amended complaint.   Plaintiff's amended complaint names Defendants Michigan Department of Corrections (MDOC), Joseph Naeyaert, K. Mattson, Unknown Kurth, Unknown Cobb, Bill Schuette, Catherine Bauman, Heidi E. Washington, and unknown parties.   On June 12, 2018, the Court

3

issued an opinion on initial review of the amended complaint, which ordered partial service of the complaint after dismissing Defendants MDOC, Bill Schuette, Catherine Bauman, and Heidi E. Washington.

The Court found that Plaintiff stated Eighth Amendment claims for failing to protect him against threats of assault and forced prostitution against Defendants Naeyaert, Mattson, Kurth, and Cobb.   Plaintiff alleges that he told Defendant Mattson that he could no longer lock in the unit because he was being forced to prostitute himself for gang members. Plaintiff asserts that he disobeyed direct orders to go to segregation in order to escape being assaulted.

During August of 2017, Plaintiff's cellmate Flores told him to move to another cell because Plaintiff is transgender.   Plaintiff informed Defendant Naeyaert, who responded that Flores would not hurt him and that he needed to return to his cell. During September of 2017, Plaintiff informed officer Brennan that Flores had told him to move from the cell to avoid being assaulted.   Plaintiff was warned by gang members in the prison yard that he needed to move to a different cell.   Plaintiff asked to go on suicide watch and was moved out of his cell.   Plaintiff spoke with a psychologist who informed him that he was being sent back to his unit, but to a different prison cell.

When Plaintiff reported to his unit, he was told to return to his old cell with inmate Flores.   Plaintiff refused and Defendant Mattson handcuffed Plaintiff and locked him in the showers.   Defendants told Plaintiff that he needed to fight.

Plaintiff was then taken to suicide watch.   Plaintiff claims that he was denied his thyroid medication while on suicide watch.

## II.  *Blevins v. Naeyaert, No. 2:17-cv-185*

Plaintiff subsequently filed case 2:17-cv-185 on November 3, 2017.   In addition to naming Joseph Naeyaert, K. Mattson, Unknown Cobb, and Unknown Kurth as Defendants, Plaintiff included Defendants Unknown Hoover, Unknown Salo, Unknown Brennan, Unknown Miles, Catherine Bauman, Heidi E. Washington, Civil Service Commission, Michigan Department of Civil Rights, Rick Snyder, Bill Schuette, L. Mattson, and unknown parties.   Presently, only Defendants Naeyaert, Cobb, and Brennan remain as Defendants in that case.

On April 10, 2018, the Court issued an opinion after initial review of the complaint dismissing Defendants Hoover, Miles, Bauman, Washington, Civil Service Commission, Michigan Department of Civil Rights, Snyder, Schuette, L. Mattson, and the unknown parties.   The Court ordered service of the complaint on Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth.   The Court concluded that Plaintiff stated an Eighth Amendment claim against Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth for failing to protect him against inmate threats of violence and from prostituting himself.

Plaintiff alleges that during August of 2017, inmate Flores told him that they could not lock together in the same cell because Plaintiff is transgender and identifies himself as female. Plaintiff told Defendant Naeyaert that he could no longer stay in the same cell as inmate Flores or he would be harmed.   Defendant Naeyaert told

Plaintiff he would be fine, inmate Flores would not hurt him, and that he needed to return to his cell.    During September of 2017, Plaintiff informed Defendant Brennan that inmate Flores threatened him with assault and that he needed to move to a different cell.    Defendant Brennan told him to be patient because he could not move him at that time.    Plaintiff was approached in the "small yard" by Latin King gang members who threatened him with harm if he did not move out of inmate Flores' cell. Plaintiff saw guard Leffler and told her he needed to go on suicide watch.    After four days on suicide watch, Plaintiff was informed by psychologist Wood that he would be released back to the same unit and they would see if he could get another cell.

Plaintiff returned to his unit and was told by Defendants K. Mattson, Cobb, and Brennan to return to his cell at "239 upper bunk."    After Plaintiff refused, Defendant Mattson handcuffed him and escorted him to the showers. Plaintiff was ridiculed and told to fight. Plaintiff requested protection and stated that he was being forced to prostitute himself for gang members in the unit.    Finally, Plaintiff was taken to a different unit and cell.

## Consolidation

Defendants request that the Court dismiss the instant case, which is the first complaint that raises these issues.    At the time Plaintiff filed this first case, the complaint in *Blevins v. Naeyaert*, no. 2:17-cv-185 had not been filed.    Plaintiff filed case 2:17-cv-185 on November 3, 2017. Defendants argue that the first filed case is repetitive and should be dismissed.    Defendants Kurth and K. Mattson have been dismissed in the second case due to Plaintiff's failure to exhaust his grievance

remedies on the claims asserted against them.   In case no. 2:17-cv-185, the second filed case, officer Brennan is currently a Defendant.   Officer Brennan is not named as a Defendant in this case.

At the time Plaintiff filed this case, the claims asserted against Defendants Naeyaert, Mattson, Kurth, and Cobb were not repetitive to any previously litigated case or pending federal action.   Therefore, Plaintiff's complaint in this action was not considered frivolous at the time the complaint was filed.   In addition, Plaintiff's subsequently filed complaint has raised a non-frivolous claim against Defendant Brennan. It is therefore, recommended that the Court not dismiss this case as repetitively filed.

Nevertheless, the Court may exercise discretion to consolidate similar cases. Under Rule 42(a) of the Federal Rules of Civil Procedure a court has discretion to consolidate cases that involve common issues of law and fact.   In the interest of fairness, consolidation of this case with the later filed case, *Blevins v. Neayaert*, 2:17-cv-185 appears appropriate.   Consolidation of these cases will promote judicial economy and fairness.

## Recommendation

For these reasons, it is recommended that the Court deny the Defendants' motion to dismiss on the grounds of repetitiveness (ECF No. 13.)   It is recommended that the Court consolidate *Blevins v. Naeyaert*, no. 2:17-cv-185 with this case and order that all further pleadings be docketed in this case.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ *Maarten Vermaat*
MAARTEN VERMAAT
UNITED STATES MAGISTRATE JUDGE

Dated:     March 25, 2019